### HENRY GEORGE DUNSTAN, Respondent, *v.* CECIL CAMPBELL HIGGINS, Appellant.

A foreign judgment, where the court had jurisdiction of the parties and the subject-matter, is conclusive upon the merits; it can be impeached only by proof that the court had not jurisdiction or that it was procured by means of fraud.

The refusal of the foreign tribunal to allow a commission to examine witnesses in this state does not affect the conclusive character of the judgment; and this is so even if it appears that by the refusal some legal right of the party applying for the commission was denied.

In an action upon a foreign judgment a copy of the judgment record, with the attestation of the clerk of the court and the certificates required by the Code of Civil Procedure (§ 952) attached, was offered in evidence. The attestation certified that the papers were "true copies of the record filed and legally kept in the custody of the court." It was objected that the certificate was insufficient, in that it did not state that the copy had been compared by the clerk with the original, and that it was "a correct transcript therefrom and of the whole of the original," as prescribed by said Code (§ 957). *Held*, untenable; and that the judgment record was properly authenticated.

(Submitted March 17, 1893; decided April 11, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 17, 1892, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion by defendant for a commission to take testimony.

This action was upon a judgment of the High Court of Justice of England, Queen's Bench Division. A copy of the judgment record was offered in evidence upon the trial, to which was attached the following certificates :

" I certify that the foregoing are true copies of the records filed in the Central Office of the Supreme Court of Judicature in England, and legally kept in the custody of the masters of the said court.

" Dated this 22d day of January, 1891.

                              "FRANCIS A. STRINGER.
          " *Head Clerk in the Writ, Appearance and*
              *Judgment Department Central Office.*

" This is to certify that the above, Francis A. Stringer, is the officer in charge of the documents filed in the Central Office of the Supreme Court on which file are the documents of which the above are certified to be true copies and that he is the proper officer to testify to the correctness of such copies.

" Dated this 22d day of January, 1891.                    .

                              " GEORGE POLLOCK.
" *One of the Masters of the Supreme Court of Judicature*
    *having the superintendence and control of the Central*
    *Office of the Court.*

" I, the Right Honorable John, Duke, Baron Coleridge, Lord Chief Justice of England, hereby certify that the above, George Pollock, is a master of the High Court, and one of the legal custodians of the records of such court, and that the above signature, George Pollock, is in the proper handwriting of the said master.

                              " COLERIDGE, L. C. J.
" [Seal of the Supreme Court                      ˎ
    of Judicature, England.]

" I, the Right Honorable Stanley, Baron Halsbury, Lord High Chancellor of Great Britain, Keeper of the Great Seal thereof, do hereby certify that the within signature, ' Coleridge, L. C. J.,' is of the proper handwriting of the Right Honorable John, Duke, Baron Coleridge, Lord Chief Justice of England, the President of the Queen's Bench Division of the Supreme Court of Judicature, and that the said court is

duly constituted and has jurisdiction in all actions, matters and proceedings in the said Division.

"In witness whereof, I have hereunto set my hand and caused the Great Seal to be affixed at Westminster this tenth day of February, 1891.

"HALSBURY, C.

"[Great Seal.]"

The record was received under defendant's objection that it had not been duly authenticated according to the statutes of this state.

Further facts appear in the opinion.

*Cecil Campbell Higgins* and *Frank Sullivan Smith* for appellant. The copy judgment offered in evidence upon the trial was objected to upon the ground that it had not been duly authenticated according to the statutes of this state, and should have been excluded. (Code Civ. Pro. §§ 952, 953, 956, 957; *Humiston* v. *Beekman*, 20 Wkly. Dig. 240; *In re Redford*, 12 N. Y. S. R. 323.) Appellant insists that the English judgment is not binding and conclusive upon our courts, and that he is within the operation of the exceptions to the general principle, because our courts will not enforce foreign judgments, if such enforcement is unconscionable for any reason. (Story's Eq. Juris. § 887.) There is a distinction between the effect of a foreign judgment sought to be enforced as a cause of action, and that of the same judgment produced by the defendant as a bar. (*Phillips* v. *Hunter*, 2 H. Black. 410; *Woodburne* v. *Plummer*, 1 B. & C. 625; *Walker* v. *Witter*, 1 Doug. 1; *Buttrick* v. *Allen*, 8 Mass. 237; *Galbraith* v. *Neville*, 5 East, 75; *Wood* v. *Gamble*, 11 Cush. 8; *Williams* v. *Preston*, 3 J. J. M. 600; Bigelow on Estoppel, 192; Story on Conflict of Laws, § 608; *Bissell* v. *Briggs*, 9 Mass. 461; *Bartlett* v. *Knight*, 1 id. 400; *Jordan* v. *Robinson*, 3 Shep. 167; *Pelton* v. *Platner*, 13 Ohio, 209; *Manning* v. *Thompson*, 17 C. P. [U. C.] 606.) The effect to be given a foreign judgment, when sued upon in the courts of this country, if not regulated by statute or treaty, is altogether a matter of

comity. (2 Kent's Comm. 120; *Anderson* v. *Hadden*, 33 Hun, 440; *Croudson* v. *Leonards*, 4 Cranch, 434; *Lang* v. *Holbrook*, Crabbe, 179; *McElmoyne* v. *Cohen*, 13 Pet. 324; *DeBrimont* v. *Penniman*, 10 Blatchf. 436; *Handley* v. *Donohue*, 116 U. S. 4.) A foreign judgment, being only *prima facie* evidence, is controvertible where the defendant alleges matter which would make the enforcement of such foreign judgment inequitable. (*Jackson* v. *Jackson*, 1 Johns. 432; *Taylor* v. *Bryden*, 8 id. 172; *Paulding* v. *Bird*, 13 Johns. 205; *Pease* v. *Howard*, 14 id. 479; *Vanderhueval* v. *U. Ins. Co.*, 2 Johns. Cas. 271; *Kinnier* v. *Kinnier*, 45 N. Y. 542; 2 Black on Judg. §§ 840, 845; *L. M. C. Co.* v. *Hunter*, L. R. [3 Ch. App.] 479.)

*Ten Eyck & Remington* for respondent. The judgment of a foreign court is conclusive upon the merits, and can only be impeached by showing that the court did not have jurisdiction of the person or subject-matter of the action; or that the judgment was fraudulently obtained. (*Lazier* v. *Westcott*, 26 N. Y. 146; *Hilton* v. *Guyott*, 42 Fed. Rep. 249; *Moeschler* v. *Lockite*, 12 N. Y. S. R. 855; *Gates* v. *Preston*, 41 N. Y. 113; *Newton* v. *Hook*, 48 id. 676; *Goebel* v. *Jaffa*, 111 id. 177; *Mayor, etc.,* v. *Brady*, 115 id. 599.) The objection that the judgment record offered and read in evidence was not duly authenticated was properly overruled, and the exception to its admission in evidence is untenable. (Code Civ. Pro. § 952; *Chapman* v. *Gates*, 54 N. Y. 132; *Levin* v. *Russell*, 42 id. 251; *Williams* v. *Sargent*, 46 id. 481; *Dunford* v. *Weaver*, 84 id. 451; *Dunham* v. *Townshend*, 118 id. 285.)

O'BRIEN, J. The plaintiff recovered in an action upon a judgment in his favor and against the defendant, rendered in 1890, by the Supreme Court of Judicature in England. It appears that the plaintiff, in pursuance of an agreement, manufactured and shipped at London to the defendant at New York an omnibus and Beaufort cart, at a price agreed

upon. Suit was brought upon the account by the plaintiff against the defendant in England and personal service of process was made upon him there and jurisdiction obtained by the court of the person of the defendant and the subject-matter of the action. The defendant appeared and interposed for defense, in substance, that the articles were manufactured and shipped under a special contract, by which the price and the character and quality of the articles were particularly specified, and that the goods, when received by the defendant, did not conform to the agreement, but were practically worthless to him. The plaintiff denied that there was any agreement to manufacture such vehicles as the defendant claimed, and asserted that the articles delivered conformed in all respects to the defendant's order. While the action was at issue in England the defendant applied to the court for a commission to examine witnesses in this country to prove the allegations of his answer. This application was denied, upon what ground or for what reason does not appear. The defendant did not appear for trial and the court ordered judgment against him, and for defense to this judgment in our courts, he has interposed substantially the same facts and insists that it is unjust and unfair, and that as he was not permitted to produce his proofs at the trial in England, he is not now bound by the judgment. He also applied to the courts here in this action, for a commission to examine witnesses in England, which application was refused, and upon the trial the court held that the foreign judgment was conclusive, and that the plaintiff was entitled to recover. The General Term has affirmed the judgment, and also the order refusing the commission, and the appeal to this court is from both determinations. It is the settled law of this state that a foreign judgment is conclusive upon the merits. It can be impeached only by proof that the court in which it was rendered had not jurisdiction of the subject-matter of the action or of the person of the defendant, or that it was procured by means of fraud. (*Lazier* v. *Westcott*, 26 N. Y. 146.) The judgments

of the courts of a sister state are entitled to full faith and
credit in the courts of the other states under the Constitution
of the United States, but effect is given to the judgments of
the courts of foreign countries by the comity of nations which
is part of our municipal law.   The refusal of the foreign court
to allow a commission to examine witnesses here does not
affect the conclusive character of the judgment.   Such appli-
cations are generally within the discretion of the court to
which they are addressed and then a refusal to grant them
does not constitute even a legal error subject to review.   But
even if it appeared in this case, as it does not, that some legal
right of the defendant was denied in refusing the application
that would not affect the validity or conclusive nature of the
judgment, so long as it stood unreversed and not set aside.
Legal errors committed upon the trial or during the progress
of the cause may be corrected by appeal or motion to the
proper court, but they furnish no defense to an action upon
the judgment itself.   Where a party is sued in a foreign
country, upon a contract made there, he is subject to the pro-
cedure of the court in which the action is pending, and must
resort to it for the purpose of his defense, if he has any, and
any error committed must be reviewed or corrected in the
usual way.   So long as he has the benefit of such rules and
regulations as have been adopted or are in use for the ordinary
administration of justice among the citizens or subjects of the
country he cannot complain, and justice is not denied to him.
The presumption is that the rights and liability of the defend-
ant have been determined according to the law and procedure
of the country where the judgment was rendered, and there
is nothing in the record to the contrary.   The questions of
fact or law settled by this judgment could not be re-examined
in our courts.   The judgment was properly authenticated and
established at the trial under the provisions of the Code.   The
order of our courts refusing the commission to examine wit-
nesses in England was, so far as appears, a matter of discretion.
As the foreign judgment was conclusive the facts stated in
the answer were not admissible as proof upon the trial, and,

therefore, it is clear that no legal right of the defendant was violated by the denial of his application.

The judgment should be affirmed, and the appeal from the order dismissed.

All concur, except GRAY, J., not voting.

Judgment accordingly.