PERCY P. COWANS and Others, Appellants, v. TICONDEROGA PULP AND PAPER COMPANY, Respondent.

Third Department, January 5, 1927.

Judgments — foreign judgment — action on money judgment fairly recovered in Province of Quebec, Canada — comity — judgment given full faith and credit in this State notwithstanding provision of Code of Civ. Proc. of Quebec, § 210, that any defense which was or might have been set up in original action may be pleaded in action on judgment rendered out of Canada.

A money judgment fairly recovered in the Province of Quebec, Canada, will, in an action thereon in this State, be given full faith and credit and the defendant

will not be allowed to interpose any defense which he might have interposed to the original action, notwithstanding the provision of section 210 of the Code of Civil Procedure of Quebec, that in an action on a foreign judgment in that Province any defense which was or might have been set up in the original action may be pleaded to an action brought upon a judgment rendered out of Canada.

APPEAL by the plaintiffs, Percy P. Cowans and others, from an order of the Supreme Court, made at the Clinton Special Term and entered in the office of the clerk of the county of Essex on the 7th day of October, 1926, denying plaintiffs' motion for judgment on the pleadings.

*Thomas B. Cotter* [*Samuel Seabury* of counsel], for the appellants.

*Frank B. Wickes* [*William C. Cannon* and *William R. Carlisle* of counsel], for the respondent.

VAN KIRK, J. The action is brought to recover on a money judgment which these plaintiffs recovered in the Province of Quebec, Canada. The Quebec court had jurisdiction of the action and of the defendant. The case was there tried on the merits and the judgment is not tainted with fraud, nor with an offense against our public policy. The presumption is that a judgment so rendered determined the rights and liabilities of the defendant according to the law and procedure of the court where it was rendered. (*Dunstan* v. *Higgins,* 138 N. Y. 70, 75.)

The question presented here is whether this Quebec judgment is in our court merely *prima facie* proof of liability, against which any defense which could have been used at the trial in the Quebec court is available to defeat recovery here, or is it conclusive, subject only to the recognized exceptions. The respondent's proposition is that the judgment is only *prima facie* evidence, because, under the Quebec law (Code Civ. Proc. of Quebec, § 210): " Any defense which was or might have been set up to the original action may be pleaded to an action brought upon a judgment rendered out of Canada." In other words, that the courts of New York State should not recognize the judgments of the Province of Quebec as adjudications of the issues because the courts of Quebec do not reciprocate as to judgments of the State of New York.

The force and effect which is to be given to a foreign judgment is for each sovereign power to determine for itself. Its policy in this respect is determined by its statutes or by the decisions of its courts. There is in this State no constitutional or statutory provision declaring the policy of the State respecting judgments recovered in jurisdictions outside of the United States.

The general rule in this State is settled as follows: A judgment recovered in a foreign country, when sued upon in the courts of

this State, is conclusive so far as to preclude a retrial of the merits of the case, subject, however, to certain well-recognized exceptions, namely, where the judgment is tainted with fraud, or with an offense against the public policy of the State, or the foreign court had not jurisdiction. (*Lazier* v. *Westcott*, 26 N. Y. 146; *Dunstan* v. *Higgins*, 138 id. 70.) In neither case here cited was the question of reciprocity referred to; no exception in that respect was recognized. In each of these cases the plaintiff in the State court was the plaintiff in the foreign court. In the *Lazier* case the foreign judgment was recovered in Upper Canada and in the *Higgins* case was recovered in England. The respondent does not question the general rule as above stated, but urges that the denial of reciprocity in the Province of Quebec furnishes a further exception to the general rule. It rests its contention confidently on the decision in *Hilton* v. *Guyot* (159 U. S. 113). In that case the action had been brought in the Circuit Court of the United States for the Southern District of New York to recover on a judgment obtained by the plaintiff in a court of France having jurisdiction. The United States Supreme Court rendered its decision by the vote of five judges, four judges dissenting. The prevailing opinion recognized the general rule as above stated, but held that the courts of this country should recognize the judgment of the French court as *prima facie* evidence only and not as conclusive on the merits, because such only is the effect which France gives to a judgment of our courts; that is, because of lack of reciprocity between the two countries. In the prevailing opinion (p. 228) it is said: " In holding such a judgment, for want of reciprocity, not to be conclusive evidence of the merits of the claim, we do not proceed upon any theory of retaliation upon one person by reason of injustice done to another; but upon the broad ground that international law is founded upon mutuality and reciprocity, and that, by the principles of international law recognized in most civilized nations and by the comity of our own country, which it is our judicial duty to know and to declare, the judgment is not entitled to be considered conclusive." In the dissenting opinion (p. 234) is this: " I cannot yield my assent to the proposition that because by legislation and judicial decision in France that effect is not there given to judgments recovered in this country which, according to our jurisprudence, we think should be given to judgments wherever recovered (subject, of course, to the recognized exceptions), therefore we should pursue the same line of conduct as respects the judgments of French tribunals. The application of the doctrine of *res judicata* does not rest in discretion; and it is for the government, and not for its courts, to adopt the principle of retorsion, if deemed under

any circumstances desirable or necessary." These quotations express the prevailing and dissenting conclusions in the *Hilton* case on the one question here.

The Court of Appeals in its latest utterance has not accepted the decision in the *Hilton* case as controlling authority in this State upon this question. In *Johnston* v. *Compagnie Generale Transatlantique* (242 N. Y. 381) the answer set up as a defense a judgment rendered in favor of the defendant in an action in a court of France by this plaintiff to recover for the same cause of action he sued upon here. The trial court and the Appellate Division (214 App. Div. 775), upon the authority of the *Hilton* case, refused to recognize the effect of the foreign judgment, except as *prima facie* evidence, because of lack of reciprocity on the part of France, and judgment went accordingly. The Court of Appeals reversed this judgment and, Judge POUND writing, does not follow the prevailing opinion in the *Hilton* case, saying that the question is still " an open one in this court." Part of the discussion in the opinion is a quotation from the dissenting opinion in the *Hilton* case, which is approved. The rule controlling in this State is held to be the rule as stated in *Dunstan* v. *Higgins* (*supra*). From this specific enunciation there is no later departure; nowhere is any exception to the rule, other than the well-recognized exceptions, mentioned. Among other things it is said that private rights are acquired under the foreign judgment; that " the question is one of private rather than public international law, of private right rather than public relations; " and " our courts will recognize private rights acquired under foreign laws and the sufficiency of the evidence establishing such rights; " the rule, though it had its source in comity, " prevails to-day by its own strength; " it " rests not on the basis of reciprocity but rather upon the persuasiveness of the foreign judgment." It is true Judge POUND suggests that the rule in New York State could be upheld in this case without disregarding the prevailing opinion; that much in that opinion is dictum and that that which was necessarily decided was not in conflict with the general rule in this State; that in any event this plaintiff, who had invoked the powers of a foreign court, could not now be heard to question what his own choice had brought upon him. But these comments are not the basis of the decision; they are but assurances that the application of the rule is in this case particularly just. The last sentence of the opinion is: " The law of the State of New York remains unchanged and the French judgment should be given full faith and credit."

Of course comity adds nothing to the strength, worth, or, as Judge POUND call it, " persuasiveness " of the foreign judgment.

The same persuasiveness is present with or without comity, or with or without reciprocity; and, without reciprocity, the United States Supreme Court still gives the foreign judgment recognition. It is to be received in evidence as *prima facie* proof of the cause of action. If no defense on the merits is made it is sufficient proof on which to render judgment. Still, if there is want of reciprocity between the two countries, that court would deny to the foreign judgment the persuasiveness it really possesses. Our Court of Appeals has we think definitely refused to accept that holding as the policy of this State; and, without reciprocity, would give to the foreign judgment the full effect to which its persuasiveness entitles it. The decision in the *Hilton* case would deprive a party of the private rights he has acquired by reason of a foreign judgment because the country in whose courts that judgment was rendered has a rule of evidence different from that which we have and does not give the same effect as this State gives to a foreign judgment.

We think the general rule as above stated must be applied to this case, and that the proposition which the respondent would maintain is in conflict with the policy and law of this State.

The order appealed from should be reversed, with costs, and the motion for judgment on the pleadings granted, with costs.

COCHRANE, P. J., HINMAN, MCCANN and DAVIS, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion for judgment on the pleadings granted, with ten dollars costs.