Louis B. Heller, J.
In this action on a foreign judgment plaintiffs move for an order striking out paragraphs of the defendant’s answer upon the ground that they are sham and frivolous and for summary judgment. Defendant cross-moves for an order pursuant to section 193-a of the Civil Practice Act directing that the third-party defendants be deemed parties to the plaintiffs’ motion and that plaintiffs’ motion be adjourned until all the pleadings in the third-party action shall have been served and the third-party action at issue.
The facts culled from the pleadings, affidavits and exhibits submitted reveal the following salient facts. Plaintiff Cobb, a resident of this State, was hired by the defendant to perform certain work in the State of New York as well as in the State of New Jersey and while in the performance of such work in New Jersey sustained the injuries complained of. A claim for workmen’s compensation was instituted in New York and while the claim was being processed plaintiff apparently abandoned the proceeding after receiving a number of payments and instituted a new proceeding in the State of New Jersey under the New Jersey Workmen’s Compensation Law. After a hearing where the defendant testified, an award was rendered against him in behalf of plaintiff Cobb, plaintiff Kiosk as attorney, and plaintiff Saul as the physician. At the termination of the hearing the defendant contends he was notified by the attorney for the insurance carrier who represented him during the hearing that under the terms of the compensation policy it would not pay such award on behalf of the defendant. The award was granted on March 10, 1961 and judgment and an amended judgment were *373 filed April 21, 1961 in the County Court of Passaic, State of New Jersey. The instant action was commenced on the judgment so obtained in June, 1962, and the defendant while admitting the existence of the judgments and failure to pay defends the action on the grounds that he never submitted to the jurisdiction of the County Court or voluntarily appeared or ever received notice of any of the proceedings in which the judgments were obtained, and that in any event, since the plaintiff Cobb and the defendant were residents of the State of New York and plaintiff had filed a claim for compensation before the New York Workmen’s Compensation Board, the New Jersey Compensation Board did not have jurisdiction of the claim.
Defendant has attempted to interplead his broker and insurance company by apparently claiming that they fraudulently deceived him when issuing the compensation policy in that they represented that he was covered by compensation in both the States of New York and New Jersey. Motions were made by the third-party defendants, pursuant to rules 90 and 102 of the Rules of Civil Practice, to separately state and number the causes of action against them, which motions were granted. A new complaint or complaints pursuant to such order have not been served on either third-party defendant.
There is no doubt that under some circumstances this court has the right to declare a judgment of another court a nullity where it appears that it was obtained through fraud or without jurisdiction (Kamp v. Kamp, 59 N. Y. 212; Matter of Doey v. Howland Co., 224 N. Y. 30; Pacek v. Ferrar, 258 App. Div. 772). This principle is an exception to the rule that one court may not attack collaterally the judgment of another court and is based upon the proposition that if the court lacked jurisdiction the judgment is a nullity. If, however, such foreign court had jurisdiction of the parties and subject matter, the judgment so rendered is conclusive on the merits and cannot be impeached except as indicated. Full faith and credit must under such circumstances be given to the foreign judgment (Johnston v. Compagnie Generale Transatlantique, 242 N. Y. 381; Dunstan v. Higgins, 138 N. Y. 70; Cowans v. Ticonderoga Pulp & Paper Co., 219 App. Div. 120).
The facts presented herein clearly establish that the defendant submitted himself to the jurisdiction of the court and authorized counsel to appear for him. The fact that subsequently he was informed that the carrier would not pay the award after a hearing and disposition of all issues raised did not deprive the court of its jurisdiction over all the parties. Nor did the institution of the compensation proceeding before the New York Work *374 men’s Compensation Board which was abandoned deprive the New Jersey Compensation Board of its right to entertain the application before it. There was no final disposition or adjudication of the rights of the plaintiff or the parties before the New York board and accordingly plaintiff was not barred from instituting the new proceeding, even though plaintiff Cobb and the defendant were residents of New York State (Carroll v. Lanza, 349 U. S. 408; Boyle v. G. & K. Trucking Co., 37 N. J. 104).
While this court is not passing upon the relief sought by the defendant against the third-party defendants, it believes that it would be highly prejudicial to the plaintiff herein to be stayed from proceeding with his judgment long unpaid, particularly where the third-party defendants have not even been served with the complaints in that action.
Accordingly, plaintiffs’ motion is granted and defendant’s cross motion is denied without prejudice to the defendant taking such action as he may be advised with respect to his action against the third-party defendants.