Martin B. Stecher, J.
The plaintiff, a German national, seeks a judgment enforcing an award made by the Hamburg (Germany) Amicable Court of Arbitration. The defenses — with one exception — may be disposed of summarily. Neither ‘ ‘ fraud ’ ’ by the plaintiff nor ‘ ‘ illegality ’ ’ of the arbitration award and proceeding was proved. The challenge to the arbitrator’s jurisdiction is specious: the defendant, following the initiation of arbitration, chose in writing to submit the issues to these arbitrators. “ Consent is the factor which imparts power ” (Gilbert v. Burnstine, 255 N. Y. 348, 355). The defense and counterclaim, alleging the plaintiff’s breach of contract, having been disposed of by the arbitrators, may not be relitigated here (cf. CPLR 3211, subd. [a], par. 5).
The serious defense offered to bar the plaintiff’s claim is the allegation that the award is not presently enforceable in Germany and therefore is unenforceable here. The defendant relies on the German-American Treaty of Friendship, Commerce and Navigation of 1956 (7 U. S. Treaties and Other International Agreements, p. 1839 et seq.— hereafter designated “ Treaty”) and the German Code of Civil Procedure (hereafter ZPO). (Translations of portions of the ZPO have been stipulated to by the parties and the stipulation, dated February 28, 1969, is filed herewith.)
The Treaty (art. VI, subd. 2) provides that awards in arbitration 11 which are final and enforceable under the laws of the place where rendered, shall be deemed conclusive in * * * the courts of * * * either Party * * * except where found contrary to public policy.” (Emphasis supplied.)
*723 Defendant’s expert witness on German law acknowledged that the award was res judicata under German law. The German statute provides that the award has “ the effect of a final court judgment” (ZPO 1040). Execution on the award, however, may not issue in Germany unless a court has certified the award for execution (ZPO 1042); and, following, certification, execution may he had only after affording the respondent an opportunity to file objections (ZPO 1042[a]; ZPO 1042[c]) that grounds exist to vacate the award (ZPO 1042, subd. 2). The statutory grounds for vacating an award (ZPO 1041) are similar to those provided in our statutes (CPLR 7511).
It is conceded that the award has never been certified for execution. As a consequence, alleges the defendant, it may be ‘ ‘ final ’ ’ but it is “ unenforceable ’ ’ in Germany and under the Treaty, is not “ conclusive ” in this jurisdiction. This argument, however, is based on the faulty assumption that the Treaty supplants our common law. It does no such thing.
A treaty is “ the supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the" Constitution or Laws of any State to the Contrary notwithstanding ” (U. S. Const., art VI, par. 2); but treaties with foreign nations ‘1 will be carefully construed so as not to derogate from the authority and jurisdiction of the States of this nation unless clearly necessary to effectuate the national policy” (United States v. Pink, 315 U. S. 203, 230). The Federal Government will not be presumed to have abridged by treaty the autonomy of State courts in proceedings affecting private property unless the' language, of the treaty plainly expresses it or necessarily implies it (Matter of Ghio Rocca v. Thompson 157 Cal. 552, affd. 223 U. S. 317). The effect of a treaty is thus akin to the effect of a statute on pre-existing remedies. “ A statute in the affirmative, without any negative expressed or implied, takes away no preexisting rights or remedies; as a general rule, it operates merely to furnish an additional remedy for the enforcement of a right. * * * The affirmative statute is merely declaratory and does not repeal the common law relating to the subject; on the contrary, the two rules coexist.” (Schuster v. City of New York, 5 N Y 2d 75, 85.)
The Treaty in question does not prohibit the recognition of the decision of any tribunal. It mandates the recognition and enforcement of awards ‘ ‘ which are final and enforceable under the laws of the place where rendered ” (subject to the limitations above set forth). If our courts have heretofore extended *724 broader recognition to foreign adjudications than required by the Treaty, that recognition has not been abridged by the Treaty.
It is the law of this State that a foreign award of arbitrators will support a domestic action at law (Gilbert v. Burnstine, 255 N. Y. 348) just as if it were a foreign judgment (Coudenhove-Kalergi v. Dieterle, 36 N. Y. S. 2d 313). “ It is the settled law of this state that a foreign judgment is conclusive upon the merits. It can be impeached only by proof that the court in which it was rendered had not jurisdiction of the subject-matter of the action or of the person of the defendant, or that it was procured by means of fraud” (Dunstan v. Higgins, 138 N. Y. 70, 74). As noted above such has not been proved, and the contrary appears to be the case.
It does not appear that the defendant has had other than ‘ ‘ the benefit of such rules and regulations as have been adopted or are in use for the ordinary administration of justice among the citizens [of Germany] * * * The presumption is that the rights and liability of the defendant have been determined according to the law and procedure of the country where the judgment was rendered” (Johnston v. Compagnie Generale Transatlantique, 242 N. Y. 381, 385, quoting Dunstan v. Higgins, supra).
Accordingly, the foreign award shall be enforced and plaintiff shall have judgment in the sum awarded, $8,814.17, with interest computed as follows: The German tribunal awarded interest under its law at 9% per annum. This rate of interest shall be allowed from April 10, 1963, deemed the date of the breach, to November 27, 1963, the date of the award; thereafter at 6% per annum to June 30, 1968 (Wells Fargo & Co. v. Davis, 105 N. Y. 670); and thereafter at 7%% per annum from July 1, 1968 (McCabe v. State of New York, 58 Misc 2d 823; General Obligations Law, § 5-501).
Finally, it has been alleged by both sides that the passage of time has not cut off the rights of the defendant to contest the award before appropriate German courts. Accordingly, execution shall be stayed for 60 days from the date hereof, subject to further order of this court.
Judgment may be entered for the plaintiff in the sum of $8,814.17, with interest as aforesaid, costs and disbursements. Counterclaim dismissed.