Karl F. **LANDEGGER**, Plaintiff,

v.

**BAYERISCHE HYPOTHEKEN UND WECHSEL BANK**, Defendant.

No. 72 Civ. 105.

United States District Court,
S. D. New York.

June 27, 1972.

Hans Harnik, Robert Braunschweig, Wachtell, Manheim & Grouf, New York City, for plaintiff.

Otto L. Walter, Henry S. Conston, Walter & Conston, P. C., New York City, for defendant.

MOTLEY, District Judge.

### Memorandum Opinion

This is a diversity action brought by plaintiff to enforce a German arbitration award made pursuant to an arbitration provision of a contract between plaintiff and defendant. The case comes before the court on two motions: one by plaintiff for summary judgment pursuant to Fed.R.Civ.P. 56,[1] and the other by defendant for a stay of the underlying action pending the determination of an appeal on file in Germany.

The history of the case is as follows: Plaintiff, a United States citizen and resident of New York, and defendant, a German bank, entered into an investment agreement (Harnik affidavit, exhibits B and B–1) relating to a German pulp and paper company on January 30, 1961. This agreement contained, as "Annex III", a detailed formula for arbitrating in Germany any and all disputes that might arise under the agreement, including a provision that the "award of the Board of Arbitration shall be final." A dispute arose in November, 1965 and, pursuant to Annex III, plaintiff referred his claim against defendant to a designated arbitration panel in Munich, Germany. The arbitration panel made an award to plaintiff on August 16, 1971.[2] Defendant then brought an action in the Land Court, Munich I, to vacate the award. Defendant having failed to comply with the award, plaintiff also brought an action in the Land Court to execute upon the award. The two actions were consolidated for trial.

On February 4, 1972, the court determined that the award of the arbitration panel should stand, except as to the assessment of the costs of the arbitration.[3] The Land Court granted plaintiff the right to "conditionally enforce" the award, the condition being the posting of security in the amount of 4,000,000 Deutschmarks, the amount of the award, plus the interest on the award, presumably for the purpose of saving the defendant harmless should the judgment be reversed on appeal.[4] Defendant's action was dismissed except as to the costs of the arbitration.

Before the Land Court had entered a judgment, however, plaintiff brought this diversity action and effected an attachment of defendant's assets in the

1. Plaintiff also moves to amend his prayer for relief in the complaint to claim $1,260,500 instead of $1,241,272 from defendant, based on the current rate of exchange for converting dollars to Deutschmarks. Since defendant does not appear to oppose this aspect of plaintiff's motion it is hereby granted.

2. The award was deposited with the Land Court, Munich I, on October 4, 1971.

3. Plaintiff does not claim the costs of the arbitration here.

4. Plaintiff chose not to "conditionally enforce" the award.

Southern District of New York by order of this court of January 10, 1972 [5] in order to execute on the German arbitration award.

Meanwhile, in Germany, defendant filed a notice of appeal from the above-mentioned judgment of the Land Court. There has been no determination in the German appellate court to date, and defendant's motion for a stay seeks to prevent a determination on the New York case before the resolution of defendant's appeal in the German appellate courts.

As this court analyzes the issues before it plaintiff's and defendant's motions turn on the same two underlying questions: whether a German arbitration award is enforceable in a federal court sitting in New York, and whether a pending appeal of the award in Germany should be grounds for a stay of enforcement proceeding here. As to the first question, we hold that such an award is enforceable here. As to the second, we hold that a stay of the New York proceeding is not appropriate. We further hold that there is no genuine issue as to any material fact in this case, and that plaintiff is entitled to prevail as a matter of law. Plaintiff's motion for summary judgment is therefore granted. Defendant's motion for a stay is denied.

Apparently, both plaintiff and defendant are somewhat misled as to the threshold issues here. Both parties seem to think that the outcome is determined solely by whether the German arbitration award is "final and enforceable" under German law, as those terms are used in Article VI(2) of the Treaty on Friendship, Commerce and Navigation between the United States and the Federal Republic of Germany, October 29, 1954, [1956] 2 U.S.T. 1839, 1845–46, T.I.A.S. No. 3593, which reads as follows:

"Contracts entered into between nationals or companies of either Party and nationals or companies of the other Party, that provide for the settlement by arbitration of controversies, shall not be deemed unenforceable within the territories of such other Party merely on the grounds that the place designated for the arbitration proceedings is outside such territories or that the nationality of one or more of the arbitrators is not that of such other Party. Awards duly rendered pursuant to any such contracts, *which are final and enforceable under the laws of the place where rendered,* shall be deemed conclusive in enforcement proceedings brought before the courts of competent jurisdiction of either Party, and *shall be entitled to be declared enforceable by such courts,* except where found contrary to public policy. When so declared, such awards shall be entitled to privileges and measures of enforcement appertaining to awards rendered locally. It is understood, however, that awards rendered outside the United States of America shall be entitled in any court in any State thereof only to the same measure of recognition as awards rendered in other States thereof." (Emphasis added.)

It is plaintiff's contention that the deposit of the award with the German court [6] was sufficient to give that award "the effect of a final judgment of a court [between the parties]" (Harnik affidavit, p. 3 ¶ 6). Defendant argues, on the other hand, that, under German law, the award would not be "final and enforceable" until there had been an adjudication by the German court of last resort.

■ According to our interpretation of New York law it is unnecessary to reach the question of whether the German award was "final and enforceable" under German law. We read the Treaty on Friendship, Commerce and Navigation as *including* among the German arbitration awards that will be honored and enforced in the United States the

---

5. Fed.R.Civ.P. 64, New York C.P.L.R. § 6201(1).

6. See note 2, *supra.*

class of awards which are "final and enforceable" under the laws of Germany. However, we do not read the Treaty as *limiting* the category of awards enforceable here to this class. Thus, we must first determine whether the German arbitration award would be enforceable in New York even if it were *not* "final and enforceable" in Germany. We hold that it would be enforceable in New York, von Engelbrechten v. Galvanoni & Nevy Bros., Inc., 59 Misc.2d 721, 300 N.Y.S.2d 239 (1969), aff'd per curiam without opinion, 61 Misc.2d 959, 307 N.Y.S.2d 381 (1970), motion to dismiss appeal granted, 27 N.Y.2d 816, 315 N.Y.S.2d 1033, 264 N.E.2d 128 (1970).

In the *von Engelbrechten* case the New York Civil Court addressed the very point in issue here. In determining the applicability of the same U.S.— German treaty to enforcement of a German arbitration award [7] in New York it stated:

"'A statute in the affirmative, without any negative expressed or implied, takes away no preexisting rights or remedies; as a general rule, it operates merely to furnish an additional remedy for the enforcement of a right . . . . The affirmative statute is merely declaratory and does not repeal the common law relating to the subject; on the contrary, the two rules coexist.' (Schuster v. City of New York, 5 N.Y.2d 75, 85, 180 N.Y.S.2d 265, 273, 154 N.E.2d 534, 540).

"The treaty in question does not *prohibit* the recognition of the decision of any tribunal. It *mandates* the recognition and enforcement of awards 'which are final and enforceable under the laws of the place where rendered' . . . . If our courts have heretofore extended broader recognition to foreign adjudications than required by the treaty, that recognition has not been abridged by the treaty.

"It is the law of this state that a foreign award of arbitrators will support a domestic action at law (Gilbert v. Burnstine, 255 N.Y. 348, 174 N.E. 706) just as if it were a foreign judgment (Coudenhove-Kalergi v. Dieterle, Sup., 36 N.Y.S.2d 313, N.O.R.)." (Emphasis in original) 300 N.Y.S.2d at 242.

We agree with the reasoning and conclusions of the New York court.

█ We also hold that summary judgment is appropriate here since there is no genuine issue as to any material fact. *von Engelbrechten* states that " 'It is the settled law of this state that a foreign judgment is conclusive upon the merits. It can be impeached only by proof that the court in which it was rendered had not jurisdiction of the subject matter of the action, or of the person of the defendant, or that it was procured by means of fraud' (Dunstan v. Higgins, 138 N.Y. 70, 74, 33 N.E. 729, 730, 20 L.R.A. 668)." 300 N.Y.S.2d at 242.

These enumerated bases for impeachment of a judgment would permit a defendant, as a defense to an enforcement action on a foreign arbitration award, any of the grounds for vacating an award of arbitrators provided for in New York. C.P.L.R. § 7511(b)(1).[8]

---

7. In *von Engelbrechten*, the award had not been certified for execution by the German court, nor had any court action been brought in Germany by either party to the arbitration. 300 N.Y.S.2d at 241.

8. "§ 7511 Vacating or modifying award

  .   .   .   .   .

(b)  Grounds for vacating.

1.  The award shall be vacated on the application of a party who . . . participated in the arbitration . . .

if the court finds that the rights of that party were prejudiced by:

(i) corruption, fraud or misconduct in procuring the award; or

(ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or

(iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon

Moreover, the statutory grounds for vacating an award under New York law are similar to those applicable in Germany. von Engelbrechten, 300 N.Y.S.2d at 241. Indeed defendant does not claim that it is precluded from raising any grounds for vacating the award in this court that would be available to it in the German courts. In reply to the motion for summary judgment it has made nothing but broad and conclusory allegations, through the affidavit of its attorney, Otto Walter, that " . . . due process was violated because he [defendant] was misled by one of the judges, . . . he was denied the opportunity to be heard on important points, and . . . the award was deficient as to certain required formalities" (Walter affidavit at p. 5 ¶ 6), see Fed.R.Civ.P. 56(e). See also 6 Moore, Federal Practice ¶ 56.17[7] n. 4, p. 2499. Since these vague statements do not raise grounds for vacating the award, plaintiff must prevail as a matter of law. *von Engelbrechten, supra.*

Defendant's motion for a stay of this action pending final appeal in Germany of the arbitration award is predicated on its belief that the finality and enforceability of the arbitration award under German law is the determinative issue here. Since we have held that issue to be irrelevant to our decision, we deny defendant's motion.

As to the second question raised earlier, that is, whether the pendency of defendant's appeal in Germany from a judgment in favor of plaintiff should cause this court to stay its hand and await a determination by the German court of last resort, we feel that such abstention is not warranted. Plaintiff is entitled to simultaneously pursue two separate actions to enforce its award. 1A Moore, Federal Practice, ¶ 0.219, p. 2601. This court has jurisdiction, and is willing to proceed to a "noncondi-

tioned" determination of this case before the German courts have done so. Plaintiff is entitled to have the benefit of the speedier determination. See Landis v. North American Co., 299 U.S. 248, 256, 57 S.Ct. 163, 81 L.Ed. 153. Of course, should new facts come to light as a result of the appeals in Germany showing that the award should have been vacated, defendant could attempt to reopen this court's judgment. Knickerbocker Textile Corp. v. Sheila-Lynn, Inc., 172 Misc. 1015, 16 N.Y.S.2d 435, 438 (1939), aff'd without opinion 259 App. Div. 992, 20 N.Y.S.2d 985 (1940).

As stated in fn. 1 *supra* plaintiff's motion to amend the prayer for relief in the complaint to claim $1,260,500 is granted.

Submit order on five days' notice.

Dated: New York, New York

---

the subject matter submitted was not made; or
(iv) failure to follow the procedure of this article, unless the party applying

to vacate the award continued with the arbitration with notice of the defect and without objection."