Anthony J. Di Giovanna, J.
This is a motion to qnash service of process and dismiss the complaint against the defendant Rolls-Royce, Inc., on the ground that the court lacks jurisdiction over the subject matter of this action or on the alternative ground that the court should exercise its discretion to quash service and dismiss the complaint because this action should not have been brought in a New York State court.
This action is a wrongful death action. The decedent was killed in an airplane crash near Charles City in the State of Virginia on January 18, 1960. The plaintiff is a resident of the State of Virginia. He obtained letters testamentary from the Circuit Court for the City of Norfolk, Virginia, for the decedent who himself had been a resident of Virginia during his lifetime. Rolls-Royce, Inc., is a Delaware corporation which is registered to do business in the State of Virginia. The flight on which the decedent was killed was en route from Washington National Airport in Arlington, Virginia, to Norfolk, Virginia. The flight did not originate in, pass through nor was it destined for any point within the State of New York. At a hearing conducted by the Civil Aeronautics Board in Richmond, Virginia, of 27 witnesses who testified 17 were Virginia residents, 3 were residents of England, 2 were residents of Maryland, 2 came from New York and 1 each from Connecticut and Michigan and 1 gave no address.
*34 The action is apparently based upon the appropriate laws of the State of Virginia creating a cause of action for wrongful death but the plaintiff seeks damages in excess of the maximum of $30,000 permitted under the Virginia wrongful death statute. Before commencing this action in New York State the plaintiff commenced an action in the United States District Court for the Eastern District of Virginia based precisely upon the same facts as those in this action. Process was served upon the same defendant on December 20, 1961. Another action has been commenced in the United States District Court for the Eastern District of Virginia by the administrator of Harold T. Goranson, also killed in that crash. He did not commence an action in this State. It appears affirmatively that the interests of justice would require that both actions be tried at the same time.
The complaint concerning the defendant movant alleges that it is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware and was licensed to do business on June 14,1957 in the State of New York. In the memorandum objection is made that by having served a notice of special appearance under section 237-a of the Civil Practice Act, the movant has waived its right to question the jurisdiction of this court to take cognizance of an action commenced as herein set forth.
This court is of the opinion that this action should be dismissed. This court is not bound to take cognizance of a tort action under the circumstances shown in this record. While the supplemental memorandum of the plaintiff stresses the fact that two witnesses resided in New York, it overlooks completely the absence of the other witnesses from this jurisdiction. This court is of the opinion that with the crowded condition of the courts of this State as a factor to be considered, the service of the summons should be quashed and the action dismissed without prejudice to commencement of an action in the proper forum. It is not a sufficient reason for this court to retain jurisdiction merely because the damages recoverable in New York may exceed that permitted in another State under its wrongful death actions. Motion is granted.