Anthony J. DiGiovanna, J.
This is a motion for leave to rehear a motion of defendant Rolls Royce, Limited, to set aside the service of summons and complaint and to direct a reference to hear and determine as to the fact whether defendant was doing business in New York State through Rolls Royce, Inc., and whether service of a summons and complaint was made on an officer of Rolls Royce, Inc., as the managing agent in this State of the defendant Rolls Royce, Limited.
In a decision and order entered thereon on March 27, 1962 (34 Misc 2d 33) the court dismissed the action, stating: “ This court is of the opinion that this action should be dismissed. This court is not bound to take cognizance of a tort action under the circumstances shown in this record. While the supplemental memorandum of the plaintiff stresses the fact that two witnesses resided in New York, it overlooks completely the absence of the other witnesses from this jurisdiction. This court is of the opinion that with the crowded condition of the courts of this State *990 as a factor to be considered, the service of the summons should be quashed and the action dismissed without prejudice to commencement of an action in the proper forum. It is not a sufficient reason for this court to retain jurisdiction merely because the damages recoverable in New York may exceed that permitted in another State under its wrongful death actions.” The aforesaid order was affirmed, Avithout majority opinion (19 A D 2d 778). In a concurring opinion by Beldock, P. J. (19 A D 2d 752), the order was likewise approved even though there was an apparent assignment of the cause of action to an attorney, the court saying: “ However, I concur in the result because: (a) the assignment (a copy of which appears in the papers on the assignee’s motion to intervene on this appeal, which we denied on March 25, 1963) is to an attorney of the ‘ right to sue ’ and not of the cause of action itself; (b) if it were an assignment of the cause of action, the assignment being to an attorney, would be void under section 274 of the Penal Law, even if it Avas without consideration; and (e) if the assignee received a naked assignment of only the privilege to sue as plaintiff in lieu of the nonresident assignor, the assignee is not the real party in interest (Broder v. Brasselle, 7 Misc 2d 13).” I quote the aforesaid opinion to indicate the underlying reasons for the vigorous approach to the problems herein taken in the instant motion.
The Court of Appeals denied the motion for leave to appeal on the ground that it was untimely (14 N Y 2d 548). Certiorari was denied by the United States Supreme Court (379 U. S. 878).
Pursuing this matter further, the plaintiff sued in a collateral matter for relief in the United States District Court, Southern District of New York, to enjoin the State of New York to provide a forum for plaintiff on constitutional grounds under the Fourteenth Amendment and the full faith and credit clause of the Federal Constitution. This action was dismissed on the ground that the Eleventh Amendment barred action against the State by a nonresident. An appeal from that dismissal is now pending before the Second Circuit.
Attention is now called to the case of Taca Int. Airlines v. Rolls Royce of England, where a motion to vacate service on Ltd. was involved. There service had been made upon one Thompson, a principal of Rolls Royce, Inc., and it was contended that Rolls Royce, Inc., was the managing agent of Ltd. in New York State. The Appellate Division, First Department (21 A D 2d 73) upheld the service of summons upon Ltd., in the manner described, on the ground that Inc. was in fact the managing agent of Ltd. This order was affirmed (15 N Y 2d 97). However, what has not been noted in the moving papers is *991 that part 'of the decision in Taca Int. Airlines v. Rolls Royce of England (supra, p. 75) which reads as follows: “ We are not unmindful of the decision in Steingold v. Capital Airlines (34 Misc 2d 33, affd. 19 A D 2d 778) where, on similar service, the action was dismissed by this same moving defendant. The decision there was on an entirely different ground, namely, the advisability of entertaining an action by a nonresident against a foreign corporation for an accident occurring outside this State. The court concluded the equities in that case did not warrant exercise of the discretionary power to entertain the action. The question litigated here is entirely different.” (Italics supplied.)
In the Court of Appeals the decision concerned itself with the issue as to whether in personam service had been effected and the court expressly stated (p. 102): ‘ ‘ Decision of this appeal does not require us to decide whether, under modern Federal and New York law, Ltd. treated as a corporation separate from Inc. has substantial enough contacts with our State to allow our State to subject Ltd. to a judgment in personam (see Simonson v. International Bank, 14 N Y 2d 281). Our question is more nearly a factual one: was Inc. a really independent entity or a mere department of Ltd.? If the latter, then obviously Ltd. was doing extensive business in our State through its local department separately incorporated as Inc.”
Thus it can be clearly seen that in nowise did Taca (supra) deal with the issue of forum non conveniens. The importance of that issue requires a review of the basic liability facts in this instant case. On January 10, 1962 this instant action was commenced in this court against Ltd., Inc., Capital Airlines, Inc., United Airlines, Inc., Vickers-Armstrongs Aircraft, Ltd. and Vickers-Armstrongs, Inc., for the wrongful death arising out of the crash of a commercial airliner in Virginia. A special appearance was made by Ltd. to dismiss on several grounds including that of forum non conveniens. The same plaintiff had previously instituted a collateral suit arising out of the same air crash in the United States District Court for the Eastern District of Virginia. Both the New York and Virginia actions were based upon the Virginia wrongful death statute which limited damages to a maximum of $30,000. The flight on which death occurred was en route from Washington National Airport in Arlington, Virginia, to Norfolk, Virginia and did not originate in, pass through nor was it destined for any point within the State of Hew Yorh. Meanwhile, during the pendency of the proceedings in this State, an order was made on December 24, 1964 in the United States District Court in Virginia, limiting *992 the recovery of the plaintiff therein to $30,000 under the Virginia wrongful death statute. On April 26, 1965 the action was dismissed upon consent of the plaintiff as against Ltd. and Vickers-Armstrongs Aircraft, Ltd. This dismissal was expressly made ‘ ‘ with prejudice as to defendants Bolls Boyce, Ltd. ’ ’ Consequently, it now appears as a further ground and reason for its adherence to the original dismissal that the Virginia order of dismissal may be res judicata as to Ltd. The order was made with prejudice and upon the consent of the plaintiff. In the Virginia action plaintiff has recovered $30,000 against the other defendants and by this motion seeks further awards of damages from Ltd.
Under the circumstances, while the motion will be treated as one for leave to reargue, and reargument has been granted to the extent indicated herein, the original decision is adhered to.