ELIZABETH STORY, Respondent, *against* SAMUEL K. SAT-
TERLEE *et al.*, Appellants.

(Decided April 13th, 1885).

That the attorney for the plaintiff in an action, promised or gave, or pro-
cured to be promised or given, a valuable consideration to the plaintiff
as an inducement to the placing or in consideration of having placed in
his hands or in the hands of another, the demand or cause of action
alleged in the complaint, contrary to statutory prohibition (Code Civ.
Pro. §§ 74, 75), does not constitute a defense to such cause of action.

APPEAL from a judgment of this court sustaining a de-
murrer to one of the defenses in an answer.

The defense demurred to was, substantially, that, at and
prior to the time of the commencement of the action; one
Edward H. Strobel, one Austin Huntington, and one George
A. Miller were attorneys and counselors at law in the State
of New York, and that said Miller was the attorney for the
plaintiff in this action; that Huntington, as an inducement
to the placing, or in consideration of having placed, in his
hands or in the hands of Strobel or Miller the demand
alleged in the complaint, for the purpose of bringing an
action thereon, and Strobel, as an inducement to the plac-
ing, or in consideration of having placed, in his hands or in
the hands of Miller, such demand, for a like purpose, and
Miller, as an inducement to the placing, or in consideration
of having placed, in his hands the said demand for a like
purpose, did each, prior to the commencement of this action,
promise or give, or procure to be promised or given, a valu-
able consideration to the plaintiff; and that by reason
thereof the plaintiff placed said demand in their hands, and
thereupon this action was brought.

The plaintiff demurred to said defense on the ground
hat it was insufficient in law upon the face thereof.

At the trial of the issue of law the demurrer was sus-

tained and an interlocutory judgment sustaining the demurrer and declaring the second defense to be insufficient in law was entered. From this judgment defendants appealed.

*Edward Sandford*, for appellants.

*George A. Miller*, for respondent.

CHARLES P. DALY, Chief Justice.—The case of *Hall* v. *Gird* (7 Hill 586), is directly in point. It was held in that case, that the purchase of a demand by an attorney for prosecution in violation of the statute, does not annul the demand itself; that it constitutes no defense to the debtor, who is not, for that cause, to have a verdict. The agreement in that case was set up as a defense to an equitable action for the foreclosure of a mortgage; but the ground upon which the decision was placed, does not limit its application to actions equitable in their nature; but applies equally to actions brought to enforce a contract, or to recover damages for a tort. Even the qualification which was recognized in *Hall* v. *Gird*, would not apply, as the provisions in the Revised Statutes (2 R. S. 288 §§ 75, 81) creating it have now been repealed; and even were they in force, they would not apply to the present action, which is not one for debt, covenant or assumpsit, which were the only actions in which such a defense was available under the repealed provisions.

The unlawful nature of such an agreement is a defense to an action brought to enforce the agreement; or it is available where, as in the case of *Coughlin* v. *New York Central &c. R. R. Co.* (71 N. Y. 444), the cause of action is sought to be enforced, after the plaintiff has settled the suit, solely for the purpose of enabling the attorney to obtain the benefit of his agreement. Where such an agreement is made, the attorney subjects himself to the penal consequences provided by the Code, § 75, and the agreement, as such, cannot be enforced; but the attorney and the plaintiff

entering into such an agreement, does not take away from the plaintiff the right to prosecute any cause of action he may have against the defendant (*Courtright* v. *Burnes*, 13 Fed. Rep'r 317, and note, p. 326).

The order sustaining the demurrer should therefore be affirmed.

VAN HOESEN, J., concurred.

Order affirmed.