## SCHWABE et al. v. HERZOG.

(Supreme Court, Appellate Division, First Department. March 13, 1914.)

1. JUDGMENT (§ 822*)—MATTERS CONCLUDED.

That defendant, sued on a foreign judgment, recovered in an action in which he had disputed the debt, but allowed the judgment to go against him under an agreement that it should not be enforced until he should be able to pay it, and that he is not so able, is no defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1454, 1488–1490, 1496–1500; Dec. Dig. § 822.*]

2. JUDGMENT § 822*)—FOREIGN JUDGMENTS.

That the foreign judgment sued on is too large is no defense.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1454, 1488–1490, 1496–1500; Dec. Dig. § 822.*]

3. JUDGMENT (§ 506*)—COLLATERAL ATTACK.

One sued on a judgment cannot impeach it collaterally by alleging that it is too large.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 949; Dec. Dig. § 506.*]

4. PLEADING (§ 8*)—CONCLUSIONS.

An answer, alleging that plaintiffs carried on transactions in which defendant was mutually interested with plaintiffs, some part of which should have been put to his credit, states a mere conclusion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

5. JUDGMENT (§ 517*)—COLLATERAL ATTACK—COUNTERCLAIM.

One sued on a judgment cannot impeach it collaterally by setting up a counterclaim involving a re-examination of transactions settled by the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 959, 960; Dec. Dig. § 517.*]

6. CHAMPERTY AND MAINTENANCE (§ 5*)—CONTRACTS WITH ATTORNEYS.

It is not a defense to an action on a judgment that the action is prosecuted under a champertous agreement between plaintiffs and their attorneys.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*]

Appeal from Special Term, New York County.

Action by Alfred J. Schwabe and another against Aladar W. Herzog. From an order permitting defendant to interpose an answer, plaintiffs appeal. Reversed.

See, also, 159 App. Div. 899, 144 N. Y. Supp. 1144.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Theodore K. McCarthy, of New York City, for appellants.

Barnett L. Hollander, of New York City, for respondent.

SCOTT, J. The action is upon a judgment obtained against defendant, upon personal service of process in the Court of King's Bench Division of the Supreme Court of Judicature of England on May 6, 1907.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant heretofore served an answer, which was demurred to and held to be insufficient in law, but leave was given to apply at Special Term to be allowed to serve an amended answer upon presenting to the court an answer which sets up some defense to the complaint. The defendant has presented an answer which the Special Term has given him leave to serve, and the question now is whether it does present any defense. The proposed answer consists of four separate defenses and two counterclaims.

[1] The first defense alleges that he disputed the amount of his indebtedness to plaintiff but finally allowed judgment to go against him for the amount of the recovery under an agreement with plaintiff that he should be under no obligation to pay the same, and that plaintiff would not take any steps to enforce it until defendant should be financially able to pay it, and that he is not so able. It is clear that this attempted defense is insufficient in law. Dunston v. Higgins, 138 N. Y. 70, 33 N. E. 729, 20 L. R. A. 668, 34 Am. St. Rep. 431; Greene v. Hallenback, 32 Hun, 469; McElroy v. Board of Education, 158 App. Div. 219, 142 N. Y. Supp. 1090.

[2, 3] The second defense repeats the first with the addition of allegations purporting to show that the amount for which judgment was recovered was larger than it should have been. This defense is also insufficient, not only under the authorities above cited, but also because it is an attempt to impeach collaterally the judgment sued upon. This cannot be done. Dunston v. Higgins, supra.

[4] The third defense commences with the following allegation:

"XXX. Upon information and belief that from the 19th day of July, 1905, and from the 6th day of May, 1907, to the day of the date hereof various and substantial transactions were had and carried on by plaintiffs, consisting of the buying and selling of securities as brokers, lending money thereupon, and the collection thereof and transactions in the buying and selling of securities generally in which defendant was mutually interested with plaintiffs, some part of which was for the account of defendant, and a portion of the proceeds of which should have been to his credit, and in connection with which substantial sums of money became due to the defendant from the plaintiffs."

Then follow allegations that the books and accounts are kept by plaintiff, and that defendant has no knowledge of their contents, and that upon a proper accounting a considerable sum will be found due to defendant.

Obviously this is not a defense. The same allegations are, however, repeated as a counterclaim, and it is necessary to examine them in that light. The difficulty with it is that it alleges only conclusions and not facts. It may be that plaintiffs have carried on certain transactions "in which defendant was mutually interested with plaintiff, some part of which was for account of defendant, and a portion of the proceeds of which have been put to his credit," but there is no allegation of any contract between plaintiffs and defendant, nor any facts whatever from which the court can see that defendant was entitled to an interest in any of plaintiffs' transactions, or to any part of the proceeds thereof. As a counterclaim, therefore, the allegations state no cause of action.

[5] The second counterclaim seeks to re-examine the transactions between plaintiffs and defendant which were liquidated and finally settled by the judgment sued upon, and is confined to transactions taking place prior to the recovery of the judgment. This again is an attempt to impeach the judgment collaterally.

[6] The fourth defense alleges that the present action is prosecuted under a champertous agreement between plaintiffs and their attorneys. This is not a defense. Story v. Satterlee, 13 Daly, 169; Hall v. Gird, 7 Hill, 586.

In my opinion, therefore, the proposed answer contains no sufficient defense or valid counterclaim. The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied with $10 costs. All concur.