THE BARBOUR ASPHALT PAVING COMPANY, Respondent, v. GRIFFIN ROOFING COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1914.)

Judgment — when confession of, entered in action brought in a sister state, conclusive upon the parties — contradicting judgment recovered after draft given and accepted in full payment of claim — denial of motion for new trial — appeal.

A confession of judgment entered in an action brought in a sister state is conclusive upon the parties in the absence of fraud and an action thereon is maintainable in this state.

Where the complaint on said judgment alleged a separate cause of action for a balance for goods sold and delivered and

for which the action resulting in the confessed judgment was brought, a claim that the judgment could not be sued on in this state because of an alleged prior agreement or understanding that it should not be is untenable as the attempt to establish the fact would be contradicting the judgment which was recovered after a certain draft on a third person had been given by defendant to plaintiff and accepted in full payment of plaintiff's claim against defendant, and testimony to sustain such attempt was properly excluded.

Where the case disclosed that defendant received the merchandise for which it had not paid in full, that proceedings instituted in the other state against the one from whom defendant had drawn the draft were for the equal benefit of the plaintiff and the defendant herein, that defendant consented thereto and made plaintiff its agent in an attempt to collect a debt due defendant, an order denying its motion for a new trial made after the direction of a verdict against it will be affirmed, as even if the judgment from which no appeal was taken were reversed, a new trial would inevitably result in favor of plaintiff.

Appeal from an order of the City Court of the city of New York denying defendant's motion for a new trial after judgment had been directed against it upon a trial before the court and a jury. Defendant does not appeal from the judgment.

Anthony J. Griffin (H. Louis Jacobson, of counsel), for appellant.

Edward J. Dowling (Jacob J. Alexander, of counsel), for respondent.

Whitaker, J. The plaintiff is a foreign corporation duly authorized to transact business in the state of New York. Defendant is a domestic corporation with its main office in Manhattan, New York city.

On September 20, 1907, defendant was indebted to plaintiff in the sum of $769.61, for goods sold and delivered. In October, 1907, the Rhode Island Contract

Engineering Company (a Rhode Island corporation) was indebted to the defendant in the sum of $619.61.

In the month of October, 1907, the plaintiff instituted a suit against this defendant in the Superior Court of Rhode Island, which is a court of general jurisdiction, to collect the sum of $769.61, and in that suit attached the sum of $619.61, which was owing by the Rhode Island Contract Engineering Company to defendant. Defendant had notice of this suit and attachment, and on November 9, 1907, in order to facilitate the plaintiff in collecting said sum of $619.61 from the Rhode Island Contract Engineering Company, drew its draft on said company for said amount in favor of the plaintiff and delivered it to plaintiff, and at about the same time paid to it the balance of said sum owing to it by defendant, to wit, the sum of $43.57. On the 24th day of February, 1908, the defendant voluntarily appeared in the suit brought by the plaintiff against it in Rhode Island, and consented to the entry of judgment against it for said sum of $619.61, without costs; $175 of this amount was paid to plaintiff by said Rhode Island Contract Engineering Company.

It is upon this judgment that the present action is brought. The complaint also contains a second separate cause of action for goods sold and delivered, which goods were those for which the action was brought in Rhode Island. The balance claimed by the plaintiff is the sum of $440.16.

Defendant bases its defense upon the ground that there was a distinct understanding between plaintiff and defendant that the judgment should not be used against the defendant in this state; that the draft given to plaintiff on the Rhode Island Contract Engineering Company, above mentioned, was in payment of the claim of plaintiff against defendant, and, as to the

6

second cause of action, defendant sets up the Statute of Frauds.

Defendant also claims error by the court in refusing to let defendant go to the jury on the question as to whether the draft on the Rhode Island Contract Engineering Company was given by defendant and accepted by plaintiff in full payment of plaintiff's claim against defendant; also that the judgment in Rhode Island having been given for a special purpose and by confession could not be sued upon in this state; that the court also erred in the exclusion of testimony.

Taking the evidence and the inconsistent allegations in the answer together with the claim that the draft was given and accepted in payment, it was not sufficiently established to warrant an affirmative verdict of the jury. The attempt to establish such a fact would be contradicting the judgment which was recovered subsequently to the time the draft was given. There is no legal force in the claim that the judgment could not be sued upon in this state, because of the alleged prior agreement or understanding. In the absence of fraud the judgment is conclusive. *Greene* v. *Hallenbeck,* 32 Hun, 469; *Dustan* v. *Higgins,* 138 N. Y. 70; *Schwabe* v. *Herzog,* 161 App. Div. 712.

The negotiations for this confession of judgment were made through defendant's counsel. He was presumably informed of the elementary rule laid down in the cases above cited as to the conclusiveness of judgments.

There is no evidence to support the defense of the Statute of Frauds or to defeat the second cause of action.

Had the court admitted the testimony which defendant claims it was error to exclude the result would probably have been the same.

The case disclosed that defendant has received merchandise for which it has not fully paid; that the proceedings in the state of Rhode Island instituted by plaintiff against the Rhode Island Contract Engineering Company were for the equal benefit of the defendant and plaintiff; that defendant consented thereto and virtually made the plaintiff its agent in an attempt to collect a debt due the defendant.

Even should the judgment be reversed, it is apparent that a new trial would inevitably result in favor of the plaintiff which has never been paid for the merchandise of which the defendant has had the benefit. Substantial justice has been done.

LEHMAN and DELANY, JJ., concur, on the ground that no competent evidence has been produced which can negative or limit the binding effect of the judgment pleaded.

Order affirmed with costs.