BARBER ASPHALT PAVING CO. v. GRIFFIN ROOFING CO. (Supreme Court, Appellate Term, First Department. December 17, 1914.) Appeal from City Court of New York, Special Term. Action by the Barber Asphalt Paving Company against the Griffin Roofing Company. From an order denying its motion for a new trial after judgment had been directed against it on a trial before court and jury, defendant appeals. Affirmed. Anthony J. Griffin, of New York City (H. Louis Jacobson, of New York City, of counsel), for appellant. Edward J. Dowling, of New York City (Jacob J. Alexander, of New York City, of counsel), for respondent.

WHITAKER, J. The plaintiff is a foreign corporation duly authorized to transact business in the state of New York. Defendant is a domestic corporation with its main office in Manhattan, New York City. On September 20, 1907, defendant was indebted to plaintiff in the sum of $769.61 for goods sold and delivered. In October, 1907, the Rhode Island Contract Engineering Company (a Rhode Island corporation) was indebted to the defendant in the sum of $619.61. In the month of October, 1907, the plaintiff instituted a suit against this defendant in the superior court of Rhode Island, which is a court of general jurisdiction, to collect the sum of $769.61, and in that suit attached the sum of $619.61, which was owing by the Rhode Island Contract Engineering Company to defendant. Defendant had notice of this suit and attachment, and on November 9, 1907, in order to facilitate the plaintiff in collecting said sum of $619.61 from the Rhode Island Contract Engineering Company, drew its draft on said company for said amount in favor of the plaintiff and delivered it to plaintiff, and at about the same time paid to it the balance of said sum owing to it by defendant, to wit, the sum of $43.57. On the 24th day of February, 1908, the defendant voluntarily appeared in the suit brought by the plaintiff against it in Rhode Island, and consented to the entry of judgment against it for said sum of $619.61, without costs; and $175 of this amount was paid to plaintiff by said Rhode Island Contract Engineering Company. It is upon this judgment that the present action is brought. The complaint also contains a second separate cause of action for goods sold and delivered, which goods were those for which the action was brought in Rhode Island. The balance claimed by the plaintiff is the sum of $440.16. Defendant bases its defense upon the ground that there was a distinct understanding between plaintiff and defendant that the judgment should not be used against the defendant in this state; that the draft given to plaintiff on the Rhode Island Contract Engineering Company above mentioned, was in payment of the claim of plaintiff against defendant; and, as to the second cause of action, defendant sets up the statute of frauds. Defendant also claims error by the court in refusing to let defendant go to the jury on the question as to whether the draft on the Rhode Island Contract Engineering Company was given by defendant and accepted by plaintiff in full payment of plaintiff's claim against defendant; also that the judgment in Rhode Island, having been given for a special purpose and by confession, could not be sued upon in this state; that the court also erred in the exclusion of testimony. Taking the evidence and the inconsistent allegations in the answer together with the claim that the draft was given and accepted in payment, it was not sufficiently established to warrant an affirmative verdict of the jury. The attempt to establish such a fact would be contradicting the judgment, which was recovered subsequent to the time the draft was given. There is no legal force in the claim that the judgment could not be sued upon in this state, because of the alleged prior agreement or understanding. In the absence of fraud, the judgment is conclusive. Greene v. Hallenbeck, 32 Hun, 469; Dunston v. Higgins, 138 N. Y. 70, 33 N. E. 729, 20 L. R. A. 668, 34 Am. St. Rep. 431; Schwabe v. Herzog, 161 App. Div. 712, 146 N. Y. Supp. 644. The negotiations for this confession of judgment were made through defendant's counsel. He was presumably informed of the elementary rule laid down in the cases above cited as to the conclusiveness of judgments. There is no evidence to support the defense of the statute of frauds, or to defeat the second cause of action. Had the court admitted the testimony, which defendant claims it was error to exclude, the result would probably have been the same. The case discloses that defendant has received merchandise, for which it has not fully paid; that the proceedings in the state of Rhode Island, instituted by plaintiff against the Rhode Island Contract Engineering Company, were for the equal benefit of the defendant and plaintiff; that defendant consented thereto, and virtually

made the plaintiff its agent in an attempt to collect a debt due the defendant. Even should the judgment be reversed, it is apparent that a new trial would inevitably result in favor of the plaintiff, which has never been paid for the merchandise, of which the defendant has had the benefit. Substantial justice has been done. Order affirmed, with costs.

LEHMAN and DELANY, JJ., concur, on the ground that no competent evidence has been produced which can negative or limit the binding effect of the judgment pleaded.