Matthew M. Levy, J.
The plaintiff moves, pursuant to rule 109 of the Rules of Civil Practice, to strike the second affirmative defense for insufficiency, or, in the alternative, pursuant to rule 103, to strike the allegations thereof as scandalous, irrelevant and unnecessary. The plaintiff also moves, pursuant to rule 109, for dismissal of the counterclaim for insufficiency.
*14 The suit is in two causes of action upon two separate manager-agent contracts, made between the plaintiff’s assignor, a resident of California, and the defendant. Recovery is sought of compensation fixed as alleged at 10% of the defendant’s gross earnings derived from engagements procured by the assignor. The assignment was made October 4, 1956, and suit was commenced on October 6, 1956. The second defense alleges that the plaintiff is an attorney at law in this State and that he received the assignment for the purpose and with the intent of suing upon the claims. The defense alleges further that the assignment is therefore illegal and against public policy (Penal Law, § 274) and by reason thereof that the assignment is unenforcible, and that the plaintiff is not the real party in interest. The plaintiff urges, in support of its motion to strike the defense, that only where there was purchase of the claims by him would the assignment be tainted — and there is no allegation of purchase either in the complaint or in the defense.
Although the allegation of ‘ ‘ purchase ” is absent, I do not agree with the plaintiff’s contention. True, some of the earlier cases speak as if the purpose of the statute is to forbid the “ purchase ” of claims for the purpose of suit (see e.g. Browning v. Marvin, 100 N. Y. 144, 148). But, as I learned upon making a study of the statutory background, these cases must be read in the light of the then language of the section. Entitled “ Buying demands on which to bring an action ”, the section .read as follows prior to 1934: “ An attorney or counselor shall not: 1. Directly or indirectly, buy, or be in any manner interested in buying, a * * * thing in action, with the intent and for the purpose of bringing an action thereon ”. But, thereafter, while the title does not appear to have been changed, the scope of the section certainly was. Not alone was the “ buying ” of a claim forbidden an attorney whose intent and purpose was to sue thereon, but thenceforth the “ taldng of an assignment ” with such intent and for such purpose was interdicted. It now reads, as amended, that an attorney or counselor shall not: “ 1. Directly or indirectly, buy, take an assignment of or be in any manner interested in buying or taking an assignment of a * * * thing in action, with the intent and for the purpose of bringing an action thereon.” (L. 1934, ch. 534.) (Italics mine.) It is plain that the taking of an assignment of a claim by an attorney, as here alleged, for the purpose of suit and with the intent of bringing suit, is unlawful. In view thereof, I hold that, in such case, the assignment is void as against public policy (cf. Ransom v. Cutting, 188 N. Y. 447, 452; Frank H. Zindle, *15 Inc. v. Friedman’s Express, 258 App. Div. 636). The decisions in Hall v. Gird (7 Hill 586) and Story v. Satterlee (13 Daly 169) involve collateral champertous agreements and are quite distinguishable (see People ex rel. Holzman v. Purdy, 162 N. Y. S. 65, 68-69; see, also, 22 A. L. R. 2d 1000, 1008, 1011, 1011-1015).
Of course, even now the statute does not embrace a case where the intent to sue was merely incidental and contingent (Moses v. McDivitt, 88 N. Y. 62). And the plaintiff might have argued that the defense as pleaded is insufficient because the defendant failed to negative some other purpose which in fact induced the assignment. Thus, it might have been urged by the plaintiff that, as provided in section 275-a of the Penal Law, the “ thing in action ” may have been received by the plaintiff from his assignor “ in payment for property sold, or for services actually rendered, or for a debt antecedently contracted ” or “ for the purpose of remittance ”— and, if so, section 274 does not prohibit the taking of the assignment. Had such a contention been presented, I should have overruled it; for, in my view, it is not necessary for the defendant, in the first instance, to have anticipatorily pleaded all of these provisos in his answer and to have denied the factual existence of each of them (see Rowell v. Janvrin, 151 N. Y. 60, 66-69). The fact, if any, relied upon by the plaintiff to defeat the applicability of section 274 may be pleaded by the plaintiff by way of reply to the defense presently contained in the answer, if a reply is ordered, or may be proved by the plaintiff upon the trial (Civ. Prac. Act, §§ 274, 243).
If the plaintiff received a naked assignment of nothing but the privilege to sue as plaintiff, in lieu of the nonresident claimant, then the plaintiff has nothing to count upon, and is not the real party in interest. If not that, then the plaintiff obtained the claim, as alleged, with the intent and for the purpose of suit. And if the plaintiff took merely with that intent and for that purpose, the assignment is void — and the allegation in the defense that the plaintiff is not the real party in interest also has substance, for the real party in interest is not the New York lawyer, but the California resident (Civ. Prac. Act, § 210).
I hold, therefore, that the second defense, as pleaded, is good. In consequence, the plaintiff’s motion with respect thereto must be and is denied, under both rules 109 and 103.
Now, as to the counterclaim. There, the defendant alleges the following in substance: The plaintiff’s assignor is a booking agent for artists and other talent. The defendant is an actor. The defendant had entered into a contract with a stated hotel in Las Vegas, Nevada, with the privilege to cancel. The assignor *16 was not to receive any compensation by virtue thereof. Acting purportedly as the defendant’s advisor and agent, and in order to induce the defendant to cancel, and with such view and purpose, the plaintiff’s assignor represented to the defendant that he, the assignor, could secure for the defendant a more advantageous contract with a competitor hotel which was financially responsible. The defendant, acting upon the assignor’s advice and representations, was misled and induced to cancel the existing contract and to engage in a contract secured by the assignor with the other hotel. The latter hotel was in fact financially irresponsible, and was so known to the assignor, and soon thereafter it became defunct. The defendant was damaged thereby, and sues for such damage.
The plaintiff, as assignee, sues for $10,500. The defendant counterclaims for $105,000. The plaintiff moves to dismiss the counterclaim for insufficiency. A point not raised by the plaintiff is the question whether the counterclaim as such can be asserted against him (assuming he is a good assignee) or only as a setoff. I shall not now go into this issue. The plaintiff’s sole contention is that, as a complaint for breach of contract or as a complaint for fraud and deceit, it is insufficient.
Approaching the counterclaim as pleading a cause of action, for breach of contract, the plaintiff urges that it fails to set forth the terms of the contract and fails to plead due performance thereof by the defendant. The statement as to the absent allegations is correct. But this approach as to the nature of the cause of action is, in my view, incorrect. The pleaded cause, as I see it, is in fraud and deceit.
In such an action, the necessary elements are well known and need not here be repeated (Reno v. Bull, 226 N. Y. 546, 550; Restatement, Torts, § 525). I suppose that, in' framing his counterclaim, the defendant could have pleaded the facts more fulsomely and used words of art more adroitly with respect to several of the requisite elements. But construing the counterclaim liberally in aid of its sufficiency— as I must on this motion (Bentrovato v. Crinnion, 206 Misc. 648, 654) —I find the allegations adequate. The authorities support the principle that the required elements may be pleaded by direct allegation or by reasonable inference from the facts alleged (see People v. O’Brien, 209 N. Y. 366; Zabriskie v. Smith, 13 N. Y. 322, 330).
The plaintiff’s motion to dismiss the counterclaim for insufficiency on its face is denied.
An order has been entered disposing of both branches of the motion in accordance with this opinion.