JOSEPHAT NEPORANY, Appellant, v. PETER KIR, Respondent.

First Department, April 22, 1958.

*Jacob S. Chalat* of counsel (*Henry Wimpfheimer,* attorney), for appellant.

*Albert S. Dranoff* of counsel (*Hammel & Hecht,* attorneys), for respondent.

*Per Curiam.* In *Parker* v. *Hoefer* (2 N.Y.2d 612) the Court of Appeals held that despite the provisions of article 2-A of the Civil Practice Act abolishing actions based on alienation of affections and criminal conversation as contrary to the public policy of New York, full faith and credit would be given to the judgment of a sister state based upon such causes of action, where the acts alleged were not committed within this state.

In this case, the question presented for decision is whether an action on a Canadian judgment similarly based on alleged causes of action for seduction and criminal conversation may likewise be maintained in our courts. While the judgment of a foreign court is not entitled to the full faith and credit constitutionally required to be accorded to the judgments of another state, under principles of comity we will recognize and enforce private rights acquired under valid foreign judgments provided they are jurisdictionally well founded and not contrary to our public policy (*Johnston* v. *Compagnie Generale Transatlantique,* 242 N. Y. 381; *Dunstan* v. *Higgins,* 138 N. Y. 70; *Martens* v. *Martens,* 284 N. Y. 363, 365).

The *Parker* case was not based solely on the constitutional requirements of full faith and credit. It held also that the only acts condemned by article 2-A of the Civil Practice Act are those committed within this State. Hence, our public policy is not contravened by the enforcement of a money judgment arising from causes of action proscribed by article 2-A, but which are recognized in the jurisdiction where the acts took place, and the comity of nations calls for giving full effect to this foreign judgment. Furthermore, the original tort has been merged in the judgment, and an action thereon " is upon an entirely different cause of action from that merged in the judgment * * * and may not be called a suit on an action abolished in New York " (*Parker* v. *Hoefer, supra,* p. 617). Plaintiff's present action on the Canadian judgment may properly be maintained, and the order dismissing the complaint should be reversed on the law, with costs, and the motion to dismiss denied.

BOTEIN, P. J., BREITEL, FRANK, McNALLY and STEVENS, JJ., concur.

Order unanimously reversed on the law, with costs to the appellant, and the motion to dismiss denied, with $10 costs.