■ GENESEE SCRAP AND TIN BALING CORP., Appellant, v LAKE ERIE BUMPER PLATING CORP., Respondent.—Order unanimously reversed, with costs and motion granted. Memorandum: This is an appeal from the denial of the motion of plaintiff, Genesee Scrap and Tin Baling Corporation, for summary judgment for rent and water charges. Special Term denied plaintiff's motion for summary judgment, finding the existence of a triable issue of fact. We cannot agree. Plaintiff is the landlord under a lease covering a portion of 4800 Dewey Avenue in Rochester. On September 1, 1972 plaintiff

entered into a written three-year lease with Rochester Plating Corporation. On September 13, 1972 Rochester Plating Corporation, with plaintiff's consent, assigned the lease to defendant, Lake Erie Bumper Plating Corporation. Defendant expressly assumed "all liabilities under said lease". One year later defendant, without plaintiff's express consent, assigned the lease to G&R Bumper Mart, Inc. In October, 1973, G&R went into possession of the leased property and made rent payments. Prior to the termination of the lease there was a default in payments of rent and water charges in the sum of $4,773.19. Plaintiff seeks judgment in this amount from defendnat, Lake Erie. As affirmative defenses Lake Erie contends that: (1) it is a Pennsylvania Corporation and has not engaged in or operated any type of business in New York after October 10, 1973 and, therefore, the court is without jurisdiction, since at the time of the commencement of this action defendant was not doing business in New York; (2) the lease now under consideration was assigned from defendant to G&R on October 10, 1973; and (3) G&R has occupied the premises since October 10, 1973, and has made "arrangements" with plaintiff as to the payment of rents and water charges. Basically defendant's answer claims that it paid all rents and water charges when it was in possession of the leased property and that subsequently it assigned the lease to G&R who made "arrangements" with plaintiff. Lake Erie, therefore, asserts that it is not liable under the lease for any default of G&R. Plaintiff contends that its action is for unpaid rent and water charges based upon a written lease under which defendant expressly assumed all liabilities. Lake Erie's affirmative defenses may all be decided as a matter of law. The jurisdictional defense is that defendant, a Pennsylvania Corporation at the time the action was commenced, is not a nondomiciliary defendant who "owns, uses or possesses any real property situated within the state" (CPLR 302, subd [a], par 4). However, defendant did possess the real property which is the subject of this action and, therefore, it is subject to the jurisdiction and process of the courts of New York State *(Karrat v Merhib,* 62 Misc 2d 72). The fact that defendant assigned the lease to G&R does not relieve defendant from its liability under the lease since defendant had expressly assumed all liabilities under said lease. Defendant, therefore, may be held liable by privity of contract with the plaintiff-lessor *(Mann v Munch Brewery,* 225 NY 189; *Zinwell Co. v Ilkovitz,* 83 Misc 42; cf. *Hart v Socony-Vacuum Oil Co.,* 291 NY 13). Finally, defendant contends that G&R made an "arrangement" with plaintiff concerning payment of rent and water charges thereby relieving defendant from such obligations. However, there is no documentary evidence of such an arrangement *(Bakhshandeh v American Cyanamid Co.,* 8 AD2d 35, affd 8 NY2d 981). Absent such type of proof defendant has failed to raise a triable issue of fact sufficient to defeat plaintiff's motion for summary judgment. (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.