## FOURTH DEPARTMENT, NOVEMBER, 1982

## (November 9, 1982)

■ ADAMO PORISINI et al., Appellants, v ARCANGELO J. PETRICCA, Respondent. — Order reversed, with costs, and motion granted. Memorandum: Plaintiffs have moved for summary judgment pursuant to CPLR 3213 for a New York judgment recognizing and enforcing a prior default judgment rendered against defendant in the High Court of Justice Queens Bench Division, London, England. The judgment is in the amount of $22,188.65 and represents sums due plaintiffs for unpaid rent and telephone bills. Defendant's answering affidavits raised several defenses but Special Term denied the motion solely because it found issues of fact on the merits of plaintiffs' claim and on the jurisdiction of the English court. Having defaulted, however, defendant may not now challenge the merits of plaintiffs' claims collaterally (CPLR 5303). If the High Court of Justice had personal jurisdiction of him, this court is agreed there was no basis to deny the motion. Plaintiffs' judgment was obtained against defendant, an attorney, after he had been personally served in New York with a summons, statement of claim and accompanying papers pursuant to an order of the English court authorizing such service. Plaintiffs alleged in their claim that defendant and two others rented and occupied an apartment from them in London, England, for an agreed rent but that they failed to pay the rent. Defendant did not answer or otherwise appear in the action and a default judgment was entered against him. Foreign country judgments are recognized as a matter of comity or courtesy and traditionally, New York has been relatively generous in recognizing them provided the judgment is based upon recognized principles of jurisdiction and due process. To protect the interests of New York citizens in foreign States by encouraging reciprocal accommodation in enforcing judgments, New York enacted CPLR article 53,

the Uniform Foreign Money-Judgments Recognition Act in 1970. The statute is said to be expositive of prior New York case law (see, generally, Siegel, New York Practice, § 472; 9 Carmody-Wait 2d, NY Prac, § 63:244; 6 Weinstein-Korn-Miller, NY Civ Prac, par 5303.01). Its provisions govern this proceeding. The act authorizes the recognition of judgments if jurisdiction is acquired pursuant to the provisions of CPLR 5305. If personal jurisdiction is acquired in any manner provided in subdivision (a), i.e., personal service within the foreign State, voluntary appearance, etc., the foreign judgment must be recognized. None of the provisions of subdivision (a) applies here but that subdivision is not exclusive. Subdivision (b) of the same section permits the court to recognize other bases of jurisdiction and New York may, and appropriately should, recognize a foreign judgment predicated on any jurisdictional basis it recognizes in its internal law (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5305). That being so, long-arm jurisdiction was available to plaintiffs. CPLR 302 (subd [a], par 4) permits the courts of New York to acquire personal jurisdiction over a nondomiciliary who "owns, uses or possesses any real property situated within the state" whether or not the nondomiciliary was using the property at the time the action was commenced (see *Genesee Scrap & Tin Baling Corp. v Lake Erie Bumper Plating Corp.*, 57 AD2d 1068; *Tebedo v Nye*, 45 Misc 2d 222). Accordingly, under New York law a similar action for unpaid rent could be maintained by a New York resident by personal service on a nondomiciliary former tenant (see *Hempstead Med. Arts Co. v Willie*, NYLJ, Dec. 9, 1963, p 18, col 6). By parity of reasoning, the jurisdiction of the English court should be recognized in this case if defendant used plaintiffs' apartment. Since he admits in his answering papers that he was in London at the time complained of and lived in plaintiffs' apartment, the predicate for personal jurisdiction is established beyond dispute. The dissenters contend that defendant was only a guest of others and that those others, not he, attorned by plaintiffs. That indeed might be a valid defense on the merits if plaintiff had chosen to advance it in the English courts. Since he did not, he may not challenge the merits of plaintiffs' claim in this proceeding (see, generally, *Riehle v Margolies,* 279 US 218). Insofar as the dissenters rely on the quotation from a Pennsylvania District Court, the court there found personal jurisdiction under a long-arm statute similar to New York's. Other Pennsylvania courts have interpreted that State's long-arm statute broadly also to acquire jurisdiction over nonresidents (see *Rumig v Ripley Mfg. Corp.,* 366 Pa 343; and see, generally, Note, Ownership, Possession or Use of Property as a Basis of In Personam Jurisdiction, 44 Iowa L Rev 374). Defendant contends further that the judgment should be vacated because it was obtained by fraud (CPLR 5304, subd [b], par 3) and that the New York courts should, in the exercise of their discretion, refuse to recognize a judgment on such grounds. The "fraud" claimed by defendant in his answering affidavit is that plaintiffs have alleged an "oral agreement [the lease] which never took place." Defendant also contends that the tenancy was the subject of a secret written agreement with another, a Swedish national named Rispoli who now lives in Nigeria and that Rispoli paid the rent. Neither of those allegations alleges fraud and neither is supported by the accompanying papers. In any event, those allegations also attempt to challenge the merits of the action and are issues which are foreclosed to the recognition court once jurisdiction is found (CPLR 5303). Another issue argued on appeal appears in an affidavit from Rispoli in which he claims that he was the lessor of the premises and that the lease was part of a fraudulent scheme by plaintiffs to avoid taxes. His allegations are not adopted by defendant in his answering affidavit and they present only matters which might result in avoidance of the lease on public

policy grounds if presented to the English court. They are not, in our judgment, a basis for New York courts to deny recognition (see *Neporany v Kir,* 5 AD2d 438; *Schwabe v Herzog,* 161 App Div 712). Since a valid basis for personal jurisdiction of defendant has been established by the moving and answering papers before Special Term, and no grounds for refusing recognition pursuant to CPLR 5304 appear, plaintiffs' motion for summary judgment should have been granted. We have considered the other issues raised by defendant and we find no merit to them. All concur, except Dillon, P. J., and Schnepp, J., who dissent and vote to affirm, in the following memorandum.

Dillon, P. J., and Schnepp, J. (dissenting). The purpose of the Uniform Foreign Country Money-Judgments Recognition Act (CPLR art 53) is "to make uniform the law of those states which enact" it and thus to establish uniformity among the several States in the recognition of such judgments (CPLR 5308). Such uniformity is achieved, of course, where jurisdiction is premised upon the provisions of CPLR 5305 (subd [a]). Given the variety of the bases upon which jurisdiction is asserted by sister States, however, the approach taken here by the majority, if adopted by all the States, would result in a lack of uniformity which the act seeks to avoid. It is for that reason that the discretionary power given the courts to recognize "other bases of jurisdiction" (CPLR 5305, subd [b]) should be cautiously exercised and the internal law of a State should not always determine the jurisdictional predicate for recognition of a foreign judgment. This judgment need not be recognized under the provisions of article 53 and we disagree that it should be recognized "by parity of reasoning" pursuant to CPLR 302 (subd [a], par 4). That section permits our courts to exercise personal jurisdiction over a nondomiciliary who "owns, uses or possesses any real property situated within the state." Although it is true that this action arose from defendant's presence in certain premises in England, that should not end the inquiry. While we would agree that cases arising out of the ownership or the right to possession of English real estate should be decided in English courts, we cannot adopt the majority's conclusion that plaintiffs' allegations, which were pleaded in the alternative, i.e., that defendant orally agreed to pay either all or one third of the rent and other charges, must blindly be accepted as establishing the jurisdictional basis for recognition of the judgment. "Jurisdiction is grounded on the relationship existing between the defendant and the realty out of which the cause of action arose at the time the cause of action arose" (*Tebedo v Nye,* 45 Misc 2d 222, 223). It is the absence of such a relationship that defendant puts in issue in asserting that he had no agreement with plaintiff and that he was but an intermittent guest of a tenant in plaintiffs' premises. His assertions are supported by the tenant whose affidavit appears in the record. While the words "uses or possesses" are not defined in the statute, it is noted by one commentator that Pennsylvania has long had a statute similar to CPLR 302 (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C302:25, p 93). A case decided in that jurisdiction provides the following analysis with which we agree: "It is not every use that will justify the city in proceeding under the act. The use of property by a trespasser, being without right, would not do so; nor would its use as a permissive crossing, since the users would have no interest in the property. The same can be said of certain kinds of easements, such as the right of a telephone company to maintain its poles on the property. And so of guests, invitees, and licensees. None of these 'possesses' the property, with right to do so. 'Use' must stem from some form or rightful possession, which contemplates some of the perquisites of ownership or control, even if temporary." (*Dubin v City of Philadelphia,* 34 Pa D & C 61, 70-71.) The only evidentiary showing addressed to the jurisdictional issue as

framed by the majority was made here by defendant. We thus conclude that summary judgment was properly denied. (Appeal from order of Supreme Court, Erie County, Marshall, J. — summary judgment in lieu of complaint.) Present — Dillon, P. J., Simons, Doerr, Moule and Schnepp, JJ.