■ Sung Hwan Co., Ltd., Appellant, v Rite Aid Corporation, Respondent. [786 NYS2d 18]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered June 12, 2003, which dismissed the complaint, unanimously affirmed, without costs.

The IAS court misinterpreted our decision in *CIBC Mellon Trust Co. v Mora Hotel Corp.* (296 AD2d 81 [2002], *affd* 100 NY2d 215 [2003], *cert denied* 540 US 948 [2003]), in concluding that it was restricted to a review of the material before the Korean court in determining whether New York law would permit the exercise of jurisdiction over defendant, particularly since plaintiff had no opportunity to lay bare its proof as to jurisdiction because of defendant's default in the underlying

Korean action. Evidence outside the foreign court's file could be examined in order to determine whether that court had a basis for personal jurisdiction over defendant (*see Porisini v Petricca*, 90 AD2d 949 [1982]).

We affirm nonetheless, because the evidentiary material before the IAS court, including the Korean court file and a 1995 ice cream sales agreement between defendant's subsidiary and a Korean distributor, conclusively refuted any allegation that the Seoul District Court had a cognizable basis for exercise of personal jurisdiction over defendant. Dismissal of the complaint was warranted under CPLR 3211 (a) (1) and 5304 (a) (2). Concur—Tom, J.P., Sullivan, Lerner, Gonzalez and Catterson, JJ.